IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DIANE DILLARD and<br>ULANDA C. GRAY, | )<br>) | CIVIL ACTION FILE NO. |
| | ) | |
| Plaintiffs, | ) | 1:14-cv-1967-SCJ |
| v. | ) | |
| | ) | |
| OWL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

## INTRODUCTION

Plaintiffs, Diane Dillard and Ulanda C. Gray ("PLAINTIFFS"), bring this action against defendant Owl, Inc. ("DEFENDANT") by and through their attorney and allege as follows:

1.

Plaintiffs, Diane Dillard and Ulanda C. Gray ("plaintiffs"), bring this action on behalf of themselves against defendant Owl, Inc. as a Florida corporation, for unpaid wages, liquidated damages, declaratory relief, attorney fees and costs, and other relief under the Fair Labor Standards Act, as amended 29 U.S.C. § 216(b) et seq., (the "FLSA"), and 29 U.S.C. § 206(a). Plaintiffs were drivers, and performed related activities for defendant in, among others, DeKalb County, Georgia.

## JURISDICTION

2.

This Court has subject matter jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. § 1337 and the FLSA, and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201 et seq.

## VENUE

3.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4.

Plaintiff Dianne Dillard is a resident of Stone Mountain, Georgia, located in DeKalb County, and was employed by defendant as a driver from January 12, 2013 until on or about March 1, 2013.

Plaintiff Ulanda C. Gray is a resident of Decatur, Georgia, located in DeKalb County, and was employed by defendant as a driver from January 12, 2013 until March 1, 2013.

5.

Defendant, Owl, Inc., is a Florida corporation that operates, and conducts business in, among others, DeKalb County, Georgia. Defendant may be served

pursuant to Rule 4 of the Federal Rules of Civil Procedure by service to the registered agent, Laster B. Walker, 755 Commerce Drive, Decatur, Ga., 30030.

6.

At all material times relevant to this action, defendant was an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203 (r) and 203 (s).

7.

Plaintiffs are also individually covered by the FLSA because they were engaged in commerce during their employment with defendant.

8.

At all times relevant to this action, plaintiffs were employees of defendant within the meaning of FLSA.

9.

At all times relevant to this action, defendant failed to comply with 29 U.S.C. § 201 et seq. and 29 U.S.C. § 206 (a), because during their employment with defendant, plaintiffs were not paid their federally mandated minimum wages for all hours worked.

10.

Upon information and belief, the records, to the extent any exist concerning the number of hours worked and amounts paid to plaintiffs, are in possession and custody of defendant.

11.

Plaintiffs reincorporate and readopt all allegations within Paragraphs 1-10.

12.

Plaintiffs claim declaratory relief and damages for the defendant's violations of the minimum wage and provisions of the Fair Labor Standards Act ("FLSA").

13.

Pursuant to 29 U.S.C. § 216 (b), plaintiffs Diane Dillard and Ulanda C. Gray have consented in this writing to be party plaintiffs in this FLSA action. Their written consents are attached to this complaint.

14.

The defendants violated 29 U.S.C. § 206 (a) by failing to pay each of the plaintiffs the applicable minimum wage for every compensable hour of labor they performed.

15.

The defendant's failures to pay the plaintiffs their federally mandated minimum wages were wilful violations of the FLSA within the meaning of 29 U.S.C. § 255 (a).

16.

As a consequence of the defendant's violation of the FLSA, the plaintiffs are entitled to recover their unpaid minimum wages, plus an additional equal amount in liquidated damages, costs of suit, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216 (b).

17.

Plaintiffs demand a trial by jury.

WHEREFORE, the plaintiffs pray that this Court will enter an order:
1) Declaring that the defendants willfully violated the minimum wage provisions of the Fair Labor Standards Act;
2) Granting judgment in favor of the plaintiffs against the defendants on their claim under the Fair Labor Standards Act and awarding each of these plaintiffs her unpaid minimum wages and an equal amount in liquidated damages;

3) Awarding the plaintiffs the costs of this action;

4) Awarding the plaintiffs reasonable attorneys' fees with respect to their Fair Labor Standards Act claims;

5) For compensatory damages;

6) For pre-judgment damages;

7) For post-judgment damages;

8) Such other and further relief as is just and proper.

Respectfully submitted,

/s/ Laurene Cuvillier
Laurene Cuvillier
Ga. Bar No. 202922
Attorney for Plaintiff
LEAD COUNSEL
cuvillier@bellsouth.net

/s/ Ralph Goldberg
Ralph Goldberg
Ga. Bar No. 299475
Attorney for Plaintiff
attorneygoldberg@hotmail.com

Goldberg & Cuvillier, P.C.
2167 Northlake Pkwy., Suite 103
Tucker, GA 30084
(770) 670-7343
(770) 670-7344 FAX